MALLORY, CRAWFORD & COMPANY, Respondent, v. EMMA M. BRENT, Appellant.

St. Louis Court of Appeals, May 10, 1898.

1. Surety: CONTRACT CHANGED WITHOUT CONSENT OF SURETY, EFFECT OF. A material change in the contract entered into by a surety without his consent releases him from any liability by virtue of his suretyship.

2. ———: PARTNER. A surety for one is not liable for his debts after taking a partner.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED.

J. M. HOLMES for appellant.

The surety was not responsible for debts incurred by the partnership composed of her son and another. Boston Hat Manufactory v. Messinger, 2 Pick. 223; Parham Sewing Machine Co. v. Brock, 113 Mass. 194. Respondents have so commingled the indebtedness for which appellant was surety that it can no longer be traced, and appellant is discharged. Strong v. Lyon, 63 N. Y. 172. The joint indebtedness of appellant's son and his partner, existing in 1890, and composed in part of the indebtedness of appellant's son, for which she was surety, has been long since paid and extinguished. 2 Greenl. Ev. [15 Ed.], p. 527, par. 533, note b; Hollister v. Davis, 54 Pa. St. 508; Berghans v. Alter, 9 Watts, 386. The contract for which appellant agreed to become surety was an entirely different one from the one on which she is now sought to be held. Schuster v. Weiss, 114 Mo. 158; Prior v. Keiso,

Mallory, Crawford & Co. v. Brent.

81 Mo. 241; Nofsinger v. Hartnett, 84 Mo. 549; State to use of Watts v. Boone, 44 Mo. 254; Warden v. Ryan, 37 Mo. App. 466; Teavel v. Porter, 52 Mo. App. 632.

HENRY H. DENNISON for respondents.

Accommodation paper is a loan of the maker's credit, without restriction as to the manner of its use. Dunn v. Weston, 71 Me. 270; Robbins v. Richardson, 2 Bosw. 248; Lathrop v. Morris, 5 Sandf. R. (S. C.) 2; Grandin v. LeRoy, 2 Paige, 509; Bank v. Buck, 5 Wend. 66; Grant v. Ellicott, 7 Wend. 227; Young v. Lee, 2 Kern, 552; Ross v. Bedell, 5 Duer, 467; DeZeng v. Fyfe, 1 Bosw. 336; Daniel on Neg. Inst. [4 Ed.], p. 796. When the surety is a co-maker the obligation to pay becomes his own immediately upon the failure of the principal to pay. Tiedeman on Com. Paper, sec. 415; 2 Parsons on Notes and Bills, 118; Perry v. Barrett, 18 Mo. 140. A pledgee of a negotiable instrument to secure future advances is protected as a *bona fide* holder for all advances made before he receives notice of defenses to the instrument. Hale on Bailments, p. 142; Kerr v. Cowan, 2 Div. Eq. (N. C.) 356; Buchanan v. Bank, 78 Ill. 500; Matthews v. Rutherford, 7 La. Ann. 225; Hecksher v. Shoemaker, 47 Pa. 249; Williams v. Smith, 2 Hill, 301; Bank v. Strever, 18 N. Y. 502; Morris v. Preston, 93 Ill. 215; Bank v. Turnley, 61 Tex. 365.

BOND, J.—This suit is upon the following note.
"$1,200.00.    FROG POND, ARK., April 15th, 1889.
"On December 1st after date, we or either of us promise to pay to the order of Mallory, Crawford & Co., twelve hundred dollars at 372 Front street,

Memphis, Tenn., with 8% interest from date until paid. Value received. "F. T. DEVANNY,

"EMMA M. BRENT."

The transactions explanatory of the consideration and object of the note are set forth in the following EVIDENCE: corres- correspondence between plaintiffs and pondence. F. T. Devanny, the principal debtor in said note, who is not sued in this action, to wit:

"FROG POND LANDING, ARK., 31–6th, 1889.
"*Messrs, Mallory, Crawford & Co.; Memphis.*

"DR. SIRS:—Your invoice of the 5th inst., was received in due time and everything was perfectly satisfactory. I would like to do considerable business with you this year. If you will let me know what kind of security will be acceptable to you, I will try to satisfy you. The bill I bought I want to pay cash for it in a few days; at this time there is not much cash trade, so I hope you will be indulgent with me. The parties that I am furnishing I am secured by mortgages and will handle their cotton in the fall. I would like you to favor me what you can, and I will do all in my power to fulfill my part. I wanted to see Mr. Searcy and make arrangements with him to do some business, providing we could make it mutually profitable to all. I inclose you a small order which I wish you would send by Tuesday's boat. Please favor me with an early reply.

"Yours very respy.,
"F. T. DEVANNY."

"MEMPHIS, TENN., March 18th, 1889.
"*Mr. F. T. Devanny, Douglas, Ark.*

"DEAR SIR:—We have yours of 16th inst., and in reply say, please advise us what you will need this spring and summer, in money and supplies, how much

cotton you will probably ship next season, and what security you propose to give for payment of account, then we can answer you fully and intelligently. Mr. Searcy will not be at your place for nearly two weeks.

"Cotton steady to-day, mid. 9 13-16.

"Yours truly, &c.

"(Signed) MALLORY, CRAWFORD & Co."

"FROG POND LANDING, Ark. 3-30.

*"Messers. Mallory, Crawford & Co., Memphis.*

"DR. SIRS:—In reply to your favor of the 18th inst., I will say that I would like to make arrangements with you for about twelve hundred dollars ($1,200), of which I would not need but about two hundred dollars ($200) in cash, and that you be kind enough to pay for some few goods that I will run short on before fall.

"After the first of September I will make further arrangements with you if satisfactory. I can not say at present about how many bales of cotton I will handle, but I intend to ship you all I make for accounts and all I can purchase; however, I will write you more definitely later on. I can give you as security my note for the amount of $1,200 indorsed by my mother, who has considerable real estate property, if you wish, the note to be due December 1st, 1889. If our arrangements turn out to our mutual benefits this year, I want to give you all my business next year. I inclose you a small order, which please ship on Tuesday's boat.

"Trusting to hear from you at an early date, I am,

"Very resp. yours,

"F. T. DEVANNY."

"Frog Pond Landing, Ark. 4-13-1889.
"*Messrs. Mallory, Crawford & Co., Memphis.*

"Dear Sir:—Your Mr. Searcy called on me this week, and I explained to him fully in regard to the matter I wrote about. I told him that as I was a stranger to you, I wanted you to feel secure, for I intend to do my part, and trust you will do the right thing by me. I only expect to do a small, safe business, and with as small an expense as possible. On receipt of the note, I will have it indorsed, and return at once. Mr. Searcy told me that he did not think you would charge me more than the customary rate of interest, 8%.

"Awaiting your early reply, I remain,
"Yours respy.,
"F. T. Devanny."

"Memphis, Tenn., April 15, 1889.
*Mr. F. T. Devanny, Douglas, Ark.*

"Dear Sir:—In reply to yours of the 13th inst. we inclose for signature of yourself and mother, and then return to us, when we will let you have $1,200 worth of goods, to be paid for next fall, you to ship us all the cotton you control and handle next season. You are due us now $257.56 for goods sold you on 30 days, and which we expect paid very soon, and hope you will do so. Cotton firm, middlings 10 1-2. Hoping this will be satisfactory, we are, Yours truly,
"(Signed) Mallory, Crawford & Co."

"Frog Pond Landing, Ark., 4-18, 1889.
·"*Mess. Mallory, Crawford & Co., Memphis.*

"Dear Sir:—Yours of the 15th inst. with note to hand. I will send it forward at once for my mother's signature. In my agreement with Mr. Searcy he promised to include the goods I have purchased in the $1,200. I have to keep money on hand for paying off

on the place and for my running expenses. I told him, as I wrote you also, that I would want about two hundred dollars for paying some small bills of goods that I would need. My object in getting my mother to sign the note was to make you feel secure, and I should not have done so unless I could see a way of taking care of it myself. Trusting you will understand my situation, I am,        Very respy. yrs.,
        "F. T. DEVANNY."

        "4–22, 1889.
"*Mr. F. T. Devanny, Douglas, Ark.*

"DEAR SIR:—Yours of the 18th inst. to hand and notes. In reply say that our first bills sold you were on 30 days time, and before any advances were asked for or contemplated; hence you should pay them, and we trust you will do so, and then we can assist you later on, if you need it, as proposed by the advances promised. Cotton firm, mid. 10 9–16.
        "Truly yours, &c.
        "(Signed) MALLORY, CRAWFORD & Co."

        "FROG POND LANDING, ARK., 4–25, 1889.
"*Messrs. Mallory, Crawford & Co., Memphis.*

"DR. SIRS:—Yours to hand and contents noted. Inclosed please find the note signed by my mother and myself. Please inform me where a letter will reach Mr. Searcy; it seems that he has not reported our arrangements, or you will not fulfill them, and I should like to have a mutual understanding. I have purchased several small bills, and if satisfactory, will draw on you for them, as per my contract with Mr. Searcy, which was about two hundred in cash. The cotton is coming up splendid in our section.
        "Yr. respy.,
        "F. T. DEVANNY."

"MEMPHIS, TENN., April 26th, 1889.
"*Mr. F. T. Devanny, Douglas, Ark.*

"DEAR SIR:—Yours 25th inst. covering the joint note of you and your mother for $1,200 to hand, and you can draw for the $200 to cover small bills, as requested, but the bills sold you on 30 days should be paid for, as per agreement. Mr. Searcy is here to-day and will be at your place about 20th May.

"Cotton firm, mid. 10 9–16.

"Truly yours, &c.

"(Signed) MALLORY, CRAWFORD & CO."

In January, 1890, after consulting with plaintiffs, Devanny took into his business a partner named Sullivan, who paid $600 on the claim then held by plaintiff against Devanny. Plaintiffs thereupon charged the unpaid balance due them by Devanny against the new firm and began dealing with it, which culminated in February, 1895, in a balance of indebtedness due plaintiffs of $3,327.50, which was settled by five notes of an equal amount executed by Devanny & Sullivan. According to a statement of account between plaintiffs and the firm of Devanny & Sullivan, there was due plaintiffs on February 10, 1891, a balance of $185. On March 1 of the same year this balance was extinguished by money then in the possession of the plaintiffs to the credit of Devanny & Sullivan, and a considerable balance existed in favor of the latter firm. After this date, however, the balance shifted in plaintiffs favor, resulting as hereinbefore stated. There is no evidence that defendant Emma M. Brent at any time consented that the note in suit should operate as a guaranty for the indebtedness of the firm of Devanny & Sullivan to plaintiffs. The court gave judgment in plaintiffs' favor for $708.20. Defendant appealed and assigns for error that upon the undisputed evidence the judgment should have been in her favor.

The assignment is well taken. The correspondence in this record demonstrates that plaintiffs knew this defendant merely signed the note in dispute as surety for the prospective indebtedness of her son to plaintiffs. Granting for the argument only that this guaranty was not confined to the indebtedness which should exist when the note fell due, it is beyond cavil that the guarantor in no wise engaged to stand for surety for the indebtedness of any other person than her son. She was not therefore liable under her contract for the joint debts of her son and his copartner. As it is not claimed that she entered into any further undertaking or consented in any manner that her obligation upon the note in suit should be extended so as to cover the debts due plaintiffs by a partnership into which her son entered, we can not see upon what theory the plaintiffs are entitled to recover any portion of the account due them by Devanny & Sullivan by suit upon the note executed by defendant as surety for her son. The principal inhibiting a recovery in this case is, that a material change in the contract entered into by a surety without his consent releases him from any liability by virtue of his suretyship. Schuster v. Weiss, 114 Mo. 158. In applying this principle it is held that a surety for one is not liable for his debts after taking a partner. Parham Sewing Machine Co. v. Brock, 113 Mass. 194. Moreover there can be no recovery in this action under the admission of plaintiffs in the account rendered Devanny & Sullivan, which show that upon an application of the credits to which that firm was entitled on March 1, 1891, all its indebtedness (including the balance due plaintiffs by Devanny before his copartnership and transferred against the latter) was fully paid and extinguished. For the foregoing reasons, the judgment in this case should have been for defendant. It is therefore reversed. All concur.