HOTEL MILTON COMPANY, a Corporation, Appellant, v. WALKER V. POWELL, Respondent.

St. Louis Court of Appeals, December 14, 1909.

PRINCIPAL AND SURETY: Discharge of Surety. A surety of a tenant in a written lease for a fixed term is released from a liability where, without his consent, the landlord and tenant terminate the lease and make a new one from month to month.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*David Murphy* for appellant.

(1)   It is claimed by respondents that, at the date notice was given the tenants to vacate, the lease was cancelled and a new contract made, which new contract relieved the surety, Powell. The declaration of forfeiture was insufficient to cancel the lease; it did not comply with the requirements of section 4108, Revised Statutes 1899, and as no procedure was had to enforce it, the court should have held that the right of forfeiture was waived, the tenants continued as though no notice had been given.   Murphy v. Bldg. Co., 90 Mo. App. 621; Berner v. Gerhart, 87 Mo. App. 409.   (2)   Even if the notice had been sufficient and appellant had qualified itself to proceed at law for an enforcement, the fact that it failed to do so, and permitted the lessees to continue in the tenancy under the lease, has the effect of a waiver.   A new agreement even, would have the same effect.   In this case the parties retained their leases (duplicates), and bond, and no demand was ever made for a cancellation or surrender of either lease or bond. The lessees claimed that the unenforced notice to quit was a cancellation of the lease.   Garnhart v. Finney, 40 Mo. 449.   (3)   For appellant Powell, it is claimed that a change was made from a term of nine months to one from month to month, or at will, or at the pleasure of the lessor; and all of these terms as used to support the claim of a change, is substantially the same; as he could only be held for one month's delinquency—not more. Harburg v. Kempf, 151 Mo. 16.   The court will notice that the only persons who testify as to a cancellation of the lease and the making of a new arrangement are the three interested witnesses, Powell, Engel and Burge. Two of respondent's witnesses fail to support the contention, and one of his witnesses positively declares that there was no change. Miltenberger's Testimony, pp. 9-21 Abst. of Rec.; DeGraw's Testimony, p. 20 Abst. of

146 App.—14

Rec. Or if so slight as to have no material effect upon the liability of the surety. 27 Am. and Eng. Ency. of Law (2 Ed.). (4) Giving the indefinite conversation at the time of the notice, the interpretation which respondent claims for it, there was no substantial change of contract, not even a new arrangement—the fancied change has no existence. The parties remained as before the notice—the same rent, $250, was paid in advance, on the first of each month, just as prescribed in the lease. Merrick v. Greely, 10 Mo. 105; Harburg v. Kempf, 151 Mo. 16; Springfield L. Co. v. Hobart, 98 Mo. App. 227; Fairbanks Co. v. Bonding Co., 97 Mo. App. 212.

*Cornelius H. Fauntleroy* for respondent.

(1) A new contract was made between appellant lessor and defendants Engel and Burge, lessees, a new tenancy supervened, and respondent surety or guarantor was thereby released. Warren v. Lyons (Mass.), 25 N. E. 721, 9 L. R. App. 353.

GOODE, J.—Plaintiff leased to James Engel and Wellington D. Burge a store room in St. Louis for a term to begin March 1, 1904, and end December 2, 1904, or nine months, for $250 a month, payable in advance. The lease was by a written instrument dated February 23, 1904, and one of its clauses was a prohibition against subletting the premises, or allowing any other tenant to come in with or under the lessees without the written consent of plaintiff. To secure the rent for the entire term the lessees executed a bond to plaintiff with defendant Powell as surety, then took possession of the premises and paid rent as it fell due until September, when they vacated, owing a balance of $188.35. The present action was instituted on the bond to recover said sum, Powell alone being served with summons. In defense it is contended defendant was discharged from his obligation as surety on the bond, by plaintiff notify-

ing the lessees to vacate because they had sublet part of the premises, and by an agreement between the lessor and lessees, after said notice had been given and the lessees were about to vacate, for a new letting of the premises by a verbal contract between the par- ties from month to month. In May, plaintiff delivered a written notice to Engel and Burge, referring to the 'original written lease, and reciting it provided the ten- ants should use the premises as a Bureau of Informa- tion for the purpose of taking care of World's Fair vis- itors, and not allow a tenant to come in with or under them; reciting further the prohibition against subletting part of the premises for any other purpose, declaring Engel and Burge, by breaching the covenants of the lease, had forfeited their term, and demanding the ten- ants surrender to plaintiff, or its authorized agent, pos- session of the premises, remove from them at once and permit plaintiff to take possession. This notice was served on May 12, 1904, and the tenants immediately took steps to move, by detaching a part of the furniture and making an arrangement for another office. After- wards a negotiation ensued between them and the presi- dent of plaintiff, which ended in an agreement be- tween the parties for the tenants to occupy the room as tenants from month to month, at the old rent, and they did occupy it pursuant to said arrangement until September, when, as said, they vacated owing the bal- ance of rent which is the subject-matter of this action. The court found the facts in writing, but no declara- tions of law were requested or given, though the court announced its conclusion of law from the facts found, which were that in May, 1904, the lessees had violated the conditions of the written lease, plaintiff had serv- ed notice on them to surrender the premises, and pursu- ant to said notice the lessees began to arrange to vacate, but did not do so, by reason of a verbal arrangement allowing them to remain in the room. The court held those acts released Powell from his obligation as sure-

ty, there being no evidence he consented to the new arrangement, and in this the court was right; for the tenants ceased, in May, to occupy the premises under the first and written lease, the rent of which Powell had guaranteed, and thereafter occupied under a new and verbal lease which superseded the first one and was unrelated to the bond Powell had signed. When the original contract of lease was rescinded, Powell ceased to be liable for the rent. [Warren v. Lyons (Mass.), 9 L. R. A. 353 and cases cited in note.]

The judgment is affirmed. All concur.