U. W. SULLIVAN, Appellant, v. J. E. KIRKPAT-RICK, Respondent.

Springfield Court of Appeals, May 5, 1913.

1. JUDGMENT: Should be Just: Relief Afforded by Equity. A judgment should never be permitted to defeat justice, and any fact which clearly proves it to be against conscience to execute a judgment and of which the injured party could not avail himself in a court of law, will justify relief in equity.

2. ROADWAY: Establishment by County Court: Failure to Open in Specified Time: Excuse for. Defendant was ordered by the county court to open a private roadway across his premises. Plaintiff seeks to recover penalty provided for in Sec. 10454, R. S. 1909, because of the alleged failure of the defendant to open the roadway within the specified time. The evidence is examined and reviewed and *held* to warrant the trial court in finding that the defendant was honestly mistaken in believing that the time had not expired within which he was required to open the roadway and that the misunderstanding concerning the time was not the fault of the defendant and that a penalty should not be inflicted upon him for the default.

Appeal from Wright Circuit Court.—*Hon. C. H. Skinker,* Judge.

AFFIRMED.

*F. M. Mansfield, E. H. Farnsworth* and *Lamar, Lamar & Lamar* for appellant.

(1)   The records of the county court relating to the establishment of the road are regular and in due form in all respects.   R. S. 1909, sec. 10447-10453; Fitzmaurice v. Turney, 214 Mo. 630.   (2)   Where the record is silent as to jurisdictional recitals the proper antecedent steps will be presumed.   Hadley v. Bernero, 103 Mo. App. 549; State v. Batey, 166 Mo. 561.   (3) Defendant being in court was chargeable with notice of the judgment and all its recitals and of the time in which he was required to vacate the land condemned for the road.   A party before a court is chargeable with notice of all subsequent steps taken in the case down to and including the judgment although he does not in fact appear and has no actual knowledge thereof.   29 Cyc. 116-b; 23 Cyc. 856; McCormick v. Stevens, 239.   (4)   The defendant having pleaded that the record of the county court was wrong, and the court overruling the plaintiff's motion to strike out such answer, the whole controversy in the lower court centered around the question as to the correctness of this record, and as to whether or not defendant could contradict the record by oral testimony.   The records and judgments of a court impart absolute verity, are in conclusive and exclusive evidence of what was the judgment actually rendered by the court, and parol evidence is inadmissible to contradict, vary, or enlarge them.   They are conclusive evidence of the facts therein recited between the parties thereto.   17 Cyc. 500-iv; 17 Cyc. 571-b; 23 Cyc. 855; Freeman on Judgments (3 Ed.), sec. 134, p. 143; Freeman on Judgments (3

Ed.), sec. 76, p. 275; Black on Judgments (Ed. 1891), sec. 245, 273, 625, 626; Mobley v. Nave, 67 Mo. 546; Cook v. Penrod, 128 Mo. App. 136; Montgomery v. Farley, 5 Mo. 233; Maupin v. Franklin Co., 67 Mo. 327; Davidson v. Real Estate Co., 226 Mo. 29; Cooksey v. Railroad, 74 Mo. 477; Milan v. Pemberton, 12 Mo. 588; Lamonthe v. Lippott, 40 Mo. 142. (5) The above is also true of the records of a county court. They possess the same verity and are absolutely conclusive of the recitals therein, and cannot be contradicted, explained, enlarged, or modified by parol evidence. Riley v. Petis Co., 96 Mo. 318; County of Johnson v. Wood, 84 Mo. 142; Maupin v. Franklin, 67 Mo. 327; Dennison v. St. Louis County, 33 Mo. 168. (6) Statements of a judge outside of his court is not evidence of the actions of the court as a court, nor can evidence of such statements be recited to prove what the court did. Decker v. Deimer, 229 Mo. 322. (7) Courts are reluctant to disturb judgments, and the party asking such relief must be without fault or negligence. Black on Judgments, 365-367-375-387; 23 Cyc. 980-b; Renfrow v. Renfrow, 54 Mo. App. 429; Mesker v. Cornwell, 145 Mo. App. 650; Cantwell v. Johnson, 236 Mo. 601. (8) If it be held that in this action defendant may by answer file a bill in equity seeking relief from the judgment as entered, and that his answer herein is sufficient for that purpose, then it converts the proceeding into an action in equity, and the appellate court will examine and review the evidence and determine the weight and sufficiency thereof for itself, and render, or direct the lower court to render, such judgment as may be proper under the evidence. McCullum v. Broughton, 132 Mo. 621; Franklinbourg Appellate Practice, p. 163; Lose v. Borum, 19 Mo. App. 359; Shelton v. Franklin, 224 Mo. 368; Troll v. Spencer, 238 Mo. 93; Waddington v. Lane, 202 Mo. 415; Benne v. Schnecker, 100 Mo. 257. (9) In an action in equity to vacate a judgment, or enjoin its enforce-

ment, all presumptions are in favor of the validity of the judgment, and the burden of proof rests on the plaintiff, or when raised by equitable answer upon the defendant, and he must show himself entitled to the relief by evidence, clear, satisfactory and convincing or the bill will be dismissed. 23 Cyc. 1049, and cases cited; Huntington v. Crouther, 33 Ore. 408, 72 Am. St. Rep. 726; Engler v. Knoblaugh, 131 Mo. App. 495.

*Jackson & Jackson* and *Perry T. Allen* for respondent.

(1) Appellant's cause of action is based upon what he claims to be the record of the judgment of the county court which record the appellant's evidence shows to have been mutilated, changed, erased, and interlined. Appellant insists that that respondent cannot impugn the verity of the record in this action. Respondent contends that this contention is not true, that the verity of the record is directly in issue, that respondent's answer directly attacks the same, and that the records do not impart absolute verity. When in equity a clear case of fraud, accident or mistake is made out. Engler v. Knoblaugh, 131 Mo. App. 481; Davidson v. Hough, 165 Mo. 561; Capitain v. Trust Co., 240 Mo. 484. (2) The answer of respondent pleads that the order and judgment sued on is false, untrue and spurious and is not the true order and judgment of the county court. That the entering of record of the said false and spurious judgment was due to the act of one of the attorneys of the appellant in preparing a false form together with the mistake and oversight of the clerk in spreading the same on record and was no fault or negligence of the respondent. The respondent being injured by an unforeseen occurrence not due to his own negligence is entitled to relief therefrom. Engler v. Knoblaugh, supra; Smith's Equity, 14 Ed. 44; Story's Equity, 13 Ed. par. 78. (3) Courts

of equity will relieve against judgments due to fraud, accident or mistake in all cases where the facts in evidence clearly prove it to be against conscience to execute the judgment and of which the injured party could not have availed himself at law. Bassett v. Henry, 34 Mo. App. 548; Wilhite v. Terry, 66 Mo. App. 454; David v. Staple, 45 Mo. 567; George v. Tutt, 36 Mo. 141. (4) Appellant's action being for the recovery of a penalty his rights in the premises must be strictly construed. The law does not favor penalties and it is elementary that in actions for the recovery of penalties the claimant must prove all the facts alleged and must allege and prove all the facts upon which the law predicates a right to recover. Statutes imposing penalties are strictly construed. State v. Wheeler and Adams, 101 Mo. App. 468; Dunkin v. Ins. Co., 63 Mo. App. 257; St. Joseph v. Forsce, 115 Mo. App. 510; Kingston v. Newall, 135 Mo. App. 385; Snow v. Boss, 174 Mo. 149. (5) The law abhors forfeitures and courts will indulge in no presumptions to aid them. King v. Life & Annuity Co., 133 Mo. App. 612; Watson v. Gross, 112 Mo. App. 615.

ROBERTSON, P. J.—Plaintiff instituted this suit in the circuit court alleging in his petition that the county court of Wright county by appropriate proceedings, in which he was petitioner, at its November term, 1911, ordered a private roadway to be opened up across the premises of the defendant before the 15th day of November, 1911, pursuant to the provisions of section 10447, *et seq.*, and that the defendant failed from said 15th day of November, 1911, until the 17th day of January, 1912, to open the road, and sought to recover the penalty provided for in section 10454.

To this petition the defendant filed his answer attacking the proceedings leading up to the final order and alleging that the order in fact made by the court gave the defendant until the 15th day of April, 1912,

in which to open up said road, and alleging that by reason of what transpired in court on the day the order was made that he was led to believe that he had until that date in which to open said road.

We deem it unnecessary to go into the details of the pleadings as they are sufficiently broad to cover the facts developed at the trial and pass over all the alleged errors in the proceedings leading up to the time the final order for the opening of the road was made and assume for the purposes of this opinion that there were no irregularities prior to that date.

The trial of the case was had to the court and the judgment, which was for the defendant, recites that a jury was waived by both parties. The plaintiff, after an unsuccessful motion for a new trial, has brought the case to this court.

The testimony discloses that on November 7, 1911, the petition of the plaintiff for the opening of the road was ready for final determination and that said petitioner's attorney was present in the court room while the court was in session and was advised that the road would be ordered opened and judgment entered therefor accordingly. The plaintiff's attorney was given the privilege of preparing the order. It appears that then no time was fixed in which the road should be opened, but after the petitioner's attorney left the court the attorney for the defendant appeared before the court then in session and called the court's attention to section 10453, requiring the court in its judgment to specify the time when possession was to be given by the owner, and that thereupon the court announced to the defendant's attorney that defendant would be given five months from that time. Said attorney then notified the defendant of the action of the court and the defendant testified that one of the judges of the court afterwards upon the street during that day told him he had been given five months in which to open the road. This the judge does not deny but

says that if he ever said anything to defendant about the time for opening the road he does not remember it.

The county clerk and his deputy testified that the court announced to the attorney for defendant that the defendant should have five months. The judges in testifying as to what took place do not deny the announcement which the attorney for the defendant, the clerk and the deputy clerk state was made, but simply say that they do not remember that such a statement was made.

A few days after this business was transacted the court adjourned and was again in session in January of the following year. No minute was made by the clerk at the time of the court's action relative to this judgment.

Shortly after the adjournment the attorney for the petitioner took the order, or judgment, which he had prepared, to the clerk who hung it up on his files until it should be reached for recording in the regular order of his business. When the clerk reached this judgment and was spreading it upon the records he discovered for the first time that it gave the defendant only until November 15, 1911, in which to open the road. He called the attention of the attorney for the defendant thereto and thereupon that attorney called the clerk's attention to the fact that he had requested of the clerk that he be permitted to examine the order before it was placed on record and the clerk said he had forgotten it but would change the order in accordance with the announcement of the court. This the clerk did and the order was actually entered giving the defendant until April 15, 1912, in which to open the road, but when the court convened in January, 1912, they ordered the record restored to read as the attorney for the plaintiff had prepared it.

The attorney for the defendant testified that it was about two weeks after the adjournment of the No-

vember session of court before he heard of the way the order was prepared by the plaintiff's attorney and submitted to the clerk, and the defendant himself testified that it was a month or six weeks before he knew anything different from what the judge of the court and his attorney had advised him was the time fixed by the court for opening the road.

The plaintiff's attorney testified that he met the attorney for the defendant on the street when this matter was pending and that defendant's attorney asked him what petitioner was going to do about the award of damages and that he told the defendant's attorney that under the law he could not do anything. Then defendant's attorney asked him how long they were going to give defendant to get out and plaintiff's attorney said they (meaning defendant) did not need any time as he understood it would not take a day to do the work of opening the road. If this conversation took place before the order was prepared by the plaintiff's attorney there was no intimation given as to what the time would be; and if the conversation was after plaintiff's attorney had prepared the order, no information was given by him as to what date he had placed in the order.

The facts clearly disclose beyond controversy that the defendant was led to believe, and the order was so entered, that he had until in April, 1912, to open the road and that he did not ascertain that there was any contention that the facts were otherwise until long after the time fixed in the order prepared by plaintiff's attorney had expired.

Even conceding for the purposes of this opinion that the order as finally recognized by the court should be considered the judgment in these proceedings, we do not understand that it should carry with it such verity, sanctity or conclusiveness as that it cannot, under any circumstances, be contradicted, explained, enlarged or modified on evidence which discloses that a rank in-

justice would be inflicted upon a party thereto if it were enforced as written. A judgment should not, in our opinion, be made an instrument to defeat the very object it is intended to accomplish, that is, justice. It has been said that any fact which clearly proves it to be against conscience to execute a judgment and of which the injured party could not avail himself in a court of law, will justify relief in equity. [Wilhite v. Ferry, 66 Mo. App. 453, 459; Bassett v. Henry, 34 Mo. App. 548, 556.]

An extensive review of the authorities applicable to this case is found in the opinion in the case of Engler v. Knoblaugh, 131 Mo. App. 481, 489, 110 S. W. 16.

If the defendant in this case was not acting in good faith or was not misled, the testimony offered at the trial was insufficient to convince the trial court of that fact and is not sufficient to lead us to believe the trial court was wrong in its finding and we assume, as did the trial court, that the defendant was led to honestly believe that he had until April in which to open the road, and that neither he nor his attorney knew differently until after the time in which the plaintiff claimed he was to open the road had expired. We do not believe it would be just to inflict a penalty upon the defendant for a default which was in no manner brought about by any fault of his.

There are a number of features of this case suggested in the brief of appellant as, for instance, the question of the right of defendant to interpose an equitable defense, and the duty of this court, in the event that the defense is treated as equitable, to review the evidence; but what is said above in this opinion and in the decisions above cited sufficiently covers these points and makes it improper for this court to extend its opinion further.

The judgment of the circuit court is affirmed. All concur.