THOMAS L. BRUNK, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 28, 1918.

1. **WITNESS: One Party Dead: Actions Ex Delicto: Corporation Employees.** The statute of Missouri (section 6354, R. S. 1909) refuses one party the privilege of testifying when the other party is dead; and such statute applies in actions *ex delicto* as well as *ex contractu.* And in the instance of one party being a corporation, the agent or employee who made the contract, or transacted the business, or who, while acting within the scope of his employment, committed the wrong, is taken to be the corporation, and if he is dead at the time of the trial, the other party cannot testify.

2. ————: **Assault: Third Parties: Competent Witnesses.** Where an employee of a corporation, acting within the scope of his employment, assaults another and dies, the injured party who brings an action for the wrong cannot testify, and the fact that other persons witnessed and have knowledge of the altercation and are competent witnesses, will not pervent the disqualifying application of the statute.

3. ———: ———: Two or More Employees: Death of One: Witness. If two employees of a corporation, acting within the scope of their employment, wrongfully assault another and one of them dies, the statute (section 6354, R. S. 1909) will not disqualify the injured party as a witness in his own behalf, since the other wrongdoer (standing as a corporation) survives and may testify.

4. ———: ———: Conductor: Motorman: Street Car: Assault; Death. The conductor of a street car being operated for the company by himself and a motorman assaulted a passenger. The conductor died, and it was held that the statute (section 6354, R. S. 1909) prevented the injured party from being a witness in his own behalf, and that the fact that passengers observed the altercation, and that the motorman saw it, but took no part in it, all being competent witnesses, would not prevent the application of the statute.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn, Judge.*

REVERSED AND REMANDED.

*Clyde Taylor, R. J. Higgins, Roscoe P. Conkling* and *Charles A. Stratton* for appellant.

*Milton J. Oldham* and *W. W. Bryant* for respondent.

ELLISON, P. J.—Plaintiff's action is for personal injuries received from an assault and battery by one of defendant's street car conductors. He recovered judgment in the circuit court.

Plaintiff claims that he boarded one of defendant's street cars intending to become a passenger thereon and that he had a transfer from one of defendant's cars on another line which he presented to the conductor, who took it and tore it into two pieces, and then undertook to put plaintiff off the car. In doing so he assaulted him with his fist and inflicted injury upon him.

At the trial plaintiff was introduced as a witness in his own behalf, when, on its being shown that the conductor was dead, defendant objected to plaintiff being allowed to testify as to what occurred between him and the conductor. The objection was overruled, and plain-

tiff then testified to all that he and the conductor did in reference to his attempting to ride upon the transfer, the assault and battery following.

The statute refuses one party the privilege of testifying when the other party is dead. [Sec. 6354, R. S. 1909.] In the instance of a corporation being the other party, the agent or employee who made the contract, or transacted the business for it; or who, while acting in the scope of his employment, committed the wrong, is taken to be the corporation, and if he is dead at the time of the trial, the other party cannot testify. [Williams v. Edwards, 94 Mo. 447.]

It has been questioned whether the statute applied in actions *ex delicto* (Drew v. Railroad, 129 Mo. App. 459), but it has been decided by the St. Louis Court of Appeals that it did, (Leavea v. Railroad, 171 Mo. App. 240) and that case was approved by the Supreme Court in an opinion by Judge RAILEY. [181 S. W. 7.]

That case finds full application to the facts in this case, unless prevented by the following consideration. It was admitted that passengers were in the car and observed the altercation. It was also admitted that the car was in charge of defendant's servants, the conductor and motorman. But the motorman took no part in the controversy.

The fact that passengers were present ought not to prevent the application of the disqualifying provisions of the statute. The statute is directed towards securing equality of the parties, as such, so that if death prevents one from giving his version of the controversy, the other shall not, and its application is not arrested by the fact that third parties have knowledge of the controversy and may be called upon to testify.

Nor is the application of the statute affected by the fact that after defendant's objection to plaintiff's competency was overruled, it introduced several passengers who testified in its behalf. These persons could not fill the place of the conductor, and the fact remains that one party had the benefit of his own testimony as a par-

ticipant, while the other party was deprived of a like benefit, equality being thereby destroyed. It was no special advantage that defendant could call third persons, for plaintiff could have done the same thing. To say that when third persons observed a transaction and, were used as witnesses, it rendered the other party competent, is, in effect, saying that the deceased could not have explained or thrown light on the subject, or his testimony been of any service whatever.

Plaintiff has cited Galvin v. Knights of Matthew, 169 Mo. App. 496, 502, 512, as sustaining his competency. The case is without application. Where the testimony of a deceased party is taken by deposition, or preserved as given at a former trial, the other party may testify, for in such instance both parties have been heard and equality is secure. [Coughlin v. Haeussler, 50 Mo. 126.] What was said in the Galvin case was thought to fall within that rule; but since the Galvin case is wholly unlike the one before us, we are not called upon, at this time, to say whether it did or not. In this case the conductor in his lifetime never had an opportunity in which to testify to any part of his version of the difficulty, in which he is charged with being the wrongdoer.

Neither do we think the circumstance that the motorman, another employee of defendant, was on the car should affect the application of the statute. It is true that where two agents represent a party in a transaction and one of them dies, the statute does not apply and the other party may testify, for there is one left alive who, with the deceased, made the contract or transacted the business. [Fulkerson v. Thornton, 68 Mo. 468.] And so, by analogy, we think that if two employees of a person, in the course of their employment, assault and beat another, the death of one of them would not disqualify the injured party, for his joint wrongdoer may testify to his version of the affair and thus preserve the equality required by the spirit of the statute. But we do not think this would apply to employees who merely may have witnessed the wrong, but who had no part in it. They are not, in any sense, the other party to the trans-

action. They are not engaged in the scope of their employment, when they merely happen to observe an altercation between another employee and the injured party.

In this case it does not appear that the motorman had any part in the difficulty, or that he was present. We must presume he was in the front end of the car which was his post of duty.

We therefore conclude that the presence in the car of passengers and the nonparticipating motorman does not prevent the application of the disqualifying provision of the statute. The judgment will therefore be reversed and as plaintiff may be able to make out a case for the jury without the aid of his own testimony, we will remand the cause. All concur.