## BANK OF SLATER, Respondent, v. WILLIAM R. HARRINGTON, Appellant.

Kansas City Court of Appeals. December 1, 1924.

1. **DEMURRER:** Pleading: Demurrer to Separate Counts of Petition Adjudged in Light of All the Evidence and Plaintiff Must be Given Every Reasonable Inference That Can be Drawn Therefrom. Demurrer must be adjudged in the light of all the evidence in the case giving to plaintiff the benefit of every reasonable inference which jury could rightfully draw therefrom.

2. **GUARANTY:** Contract of Guaranty Construed Strictly. A contract of guaranty must be construed strictly according to its terms and no stretching or extension of its terms can be indulged in to hold guarantor liable on his guarantee.

3. ————: The Investment By Borrower of Proceeds of Guaranteed Loan in Partnership Enterprise Did Not Release Guarantor from Liability. Where contract of guaranty did not require that loans obtained by guarantor's son should be devoted to any particular purpose or could not be used by him in any manner he saw fit, the fact that he invested or used proceeds of loan in partnership enterprise with another, was insufficient to release guarantor from liability on ground that credit was extended to other person than his son.

4. **WITNESSES:** Evidence as to Transactions Had with Deceased Cashier Held Properly Stricken Out. In an action on contract of guarantee where defense was that guarantor had notified plaintiff's cashier of his withdrawal from guaranty, testimony of guarantor that he had written to cashier, who had died before trial, and who was only person on part of plaintiff with whom transactions were had, informing him of his withdrawal therefrom, *held* properly stricken out.

5. GUARANTY: Refusal of Court to Sustain Demurrers to Counts of Petition at Close of All the Evidence Held Proper. Where only evidence as to release or discharge from contract of guaranty was that of guarantor's son who testified that plaintiff's deceased cashier told him that guarantor had written him of his withdrawal from guaranty, *held* truth of such testimony was for the jury, and refusal of court to sustain demurrers to counts of the petition at close of all the evidence was proper.

6. EVIDENCE: Jury Must Consider Competent Evidence of Unimpeached Witness But After so Doing They Have a Right to Refuse to Believe it. Jury should not disregard or fail to consider competent evidence of an unimpeached witness, but after considering it, they have a right to refuse to believe it.

7. PLEADING: Plaintiff by Filing Motion to Strike Out Portion of Defendant's Answer Held Not Estopped Thereby to Dispute Statements Contained Therein. Where defendant's answer alleged plaintiff altered the terms of guaranty without defendant's consent by extending credit to person for whom it was given and another, while facts stated in the answer are for the purposes of the plaintiff's motion to strike out that portion thereof, taken as confessed, plaintiff was not thereby conclusively barred or estopped from disputing that credit for notes for which recovery was obtained were for credit extended solely to person for whom guaranty was given.

8. GUARANTY: Alteration: Extending Credit to Person for Whom Contract of Guaranty Was Given and Another Held Not to Constitute Alteration of Contract. The fact that credit may have been extended to person for whom guaranty was given and another would not constitute an alteration of contract of guaranty but would only prevent plaintiff from recovering on guaranty for such credits.

Appeal from the Circuit Court of Platte County.—*Hon. Guy B. Park*, Judge.

AFFIRMED.

*J. H. Hull* and *W. S. Herndon* for respondent.

*John A. Cross, R. H. Musser* and *A. D. Gresham* for appellant.

TRIMBLE, P. J.—Plaintiff sued upon a written guaranty executed by defendant dated February 27, 1913, addressed to the "Bank of Slater of Slater, Mo.," requesting it to give, and to continue to give, from time to time, credit to J. E. Harrington, called therein the Borrower, and stating that in consideration of the bank doing so, and to enable the borrower to obtain such credit, the undersigned promised and agreed to make "prompt payment, as they severally mature, of all overdrafts by the borrower, of all loans made or which may be made by you to the borrower, and of all acceptances and other paper which have been or may be by you discounted for the borrower, whether made, drawn, accepted, endorsed, or not endorsed by the borrower as well as any and all renewals thereof. This is intended to be a continuing promise and agreement and shall apply to and cover any and all such overdrafts, loans, discounts, and renewals made prior to notice in writing given to your cashier that the undersigned will not be liable upon any such overdrafts, loans or discounts made after the receipt of such notice. When any such overdrafts, loans or paper, or any renewal thereof, shall become and remain due and unpaid, the undersigned will, on demand, pay the amount due thereon; provided, however, that liability herein shall not in the aggregate exceed fifteen thousand dollars."

J. E. Harrington, to whom the credit was to be extended and for whom it was obtained, is the son of defendant, and at the date of the guaranty was a farmer and trader at Slater, and continued in that business, meeting all of his obligations to the bank up to about the year 1920.

In the suit on this guaranty, the petition sets out, in as many counts, five notes as instances wherein a loan was made and credit extended to J. E. Harrington on the faith of such guaranty and which had not been paid.

The first and second counts related to two notes, respectively, which were executed by J. E. Harrington and one, C. H. Aster, but as the trial court sustained defendant's demurrers in these two counts and took them from the jury, they are no longer in the case.

The third, fourth and fifth counts related, respectively, to three notes, one dated July 6, 1920, for $5000 (on which were credits amounting to $4000), one dated October 8, 1920, for $345 and one dated January 16, 1922, for $647.33, all of them payable to plaintiff and signed by J. E. Harrington, all past due and unpaid, and on which demand had been made.

Defendant, in his answer, admitted the execution and delivery of said special guaranty and that said J. E. Harrington did from time to time thereafter borrow money from plaintiff until on or about July 26, 1915, when defendant "notified plaintiff of his withdrawal from said guaranty" and of his desire to be released therefrom, and that said guarantor was on that date discharged and said guaranty was not thereafter revived.

The answer further set up that the respective notes mentioned in the third, fourth and fifth counts were for indebtedness "created after the plaintiff received notice from defendant of his withdrawal from said guaranty, and after the plaintiff without the consent or knowledge of defendant, altered the terms of said guaranty by agreeing to and extending its credit to C. H. Oster and J. E. Harrington or to the firm of Oster and Harrington, copartners, and thereby released the defendant W. R. Harrington from any and all liability to plaintiff by reason of said guaranty."

The jury returned a verdict for plaintiff in the sum of $1239.43 on the third count, $440.38 on the fourth count and $748.48 on the fifth, aggregating $2428.29, for which sums judgments were rendered, and defendant has appealed.

At the close of all the evidence in the entire case, including that of the defense, the defendant for the first time offered a demurrer to each of said counts. As stated, the court sustained the demurrers to the first and second counts but overruled the other three. It is of these that complaint is now made; and, of course, such demurrers must be adjudged in the light of all the evi-

dence in the case giving to plaintiff the benefit of every reasonable inference which the jury could rightfully draw from all of the evidence in the case. [Sherman v. United Rys. Co., 212 Mo. 39, 51; Schulz v. St. Louis, etc., Ry. Co., 223 S. W. 757.]

It is no doubt well settled that the rights of a guarantor are *strictissimi juris,* and the contract of guaranty must be construed strictly according to its terms, and no stretching or extension of its terms can be indulged in in order to hold the guarantor liable on his guaranty. [Mitchell v. Railton, 45 Mo. App. 273, 277; London v. Funsch, 188 Mo. App. 14, 20; Mallory v. Brent, 75 Mo. App. 473; Hotel Milton v. Powell, 146 Mo. App. 208.] But, insofar as the demurrers contended for are grounded upon the claim that the bank extended credit to anyone beside J. E. Harrington in making the loans covered by the third, fourth and fifth counts, the record does not disclose that, as to such notes, credit was extended to anyone else than J. E. Harrington. The most that can be claimed is that, after obtaining the loan of $5000 evidenced by the note in count three, J. E. Harrington invested or used the proceeds of the loan in a partnership enterprise he established with Oster; and the note for $647.33 in the fifth count was made by J. E. Harrington with which he paid off a debt he owed to a garage. But in none of the three notes was the loan obtained by or extended upon the credit of the partnership. The contract of guaranty did not require that the loans obtained by J. E. Harrington should be devoted to any particular purpose or could not be used by him in any manner he saw fit. Certainly we cannot say that conclusively the bank, in taking the three notes, was extending credit to anyone other than J. E. Harrington. Hence the demurrer could not be sustained on that ground.

As to the contention that the guarantor had notified the cashier on or about July, 1915, of his withdrawal from said guaranty, and that the three notes were taken after that time, the record discloses that the cashier in question was dead. The defendant sought to testify that

on or about said above-named date he wrote a letter to the cashier and mailed it to the Bank of Slater, asking for a statement of the notes J. E. Harrington then owned, and stating therein that he withdrew from the guaranty and would not be bound thereon for anything in the future. Objection to this evidence being made on the ground of the death of the cashier (the only one on the part of the opposite party with whom the transactions were had), the court sustained the objection and struck it out. This was proper. [Wagner v. Binder, 187 S. W. 1128, 1155; Williams v. Edwards, 94 Mo. 447; Brunk v. Metropolitan St. Ry. Co., 198 Mo. App. 243.] A letter received from the cashier, dated July 26, 1915, addressed to defendant was introduced in evidence but while it contained a statement of certain notes cancelled and J. E. Harrington's account credited with the amount of a certain draft, it made no reference in any way either directly or indirectly to any guaranty or to any discharge thereof. And the notes mentioned do not show any connection with the guaranty. This left defendant's case without evidence as to any prior release or discharge of the guaranty, except that the defendant's son J. E. Harrington, testified that the cashier told him in July, 1915, that witness's father had written him, the cashier, that he "wasn't behind the guarantee any more." This evidence was objected to by plaintiff on the ground that the cashier was dead, but the court overruled the objection on the ground that the witness was not a party to the suit nor interested. The truth of this testimony, however, was for the jury to pass upon, and the trial court very properly refused to sustain the demurrer, for that would have been tantamount to telling the jury they must believe what the witness said. [Gannon v. Laclede Gas Light Co., 145 Mo. 502, 515.] It is contended that the jury cannot disregard the clear, consistent evidence of an unimpeached witness. No doubt, the jury should not disregard, in the sense of failing to *consider*, any competent evidence; but after considering it they have the right to refuse to believe it, and especially so when in

the light of all the facts and circumstances and of the witness's entire testimony there are elements apparently justifying such refusal. The court submitted to the jury in each count the question whether the guaranty had been withdrawn and they found it had not.

Plaintiff had filed a motion to strike out that portion of defendant's answer which alleged that plaintiff "altered the terms of the guaranty" without defendant's consent by extending credit to Oster and Harrington. This motion the court sustained, but on the trial when it appeared that two of the notes were given for credit extended to Oster and Harrington, the court instructed the jury peremptorily in defendant's favor as to them. The fact that credit may have been extended to Oster and Harrington would not constitute an alteration of the contract of guaranty but would only prevent the plaintiff from recovering on the guaranty for such credits as were extended to Oster and Harrington. While the facts stated in the answer are for the purposes of the motion taken as confessed, the plaintiff was not thereby conclusively barred or estopped from disputing that the credit for the notes for which recovery was obtained were for credit extended solely to J. E. Harrington. There was no hindrance laid in the way of defendant showing to whom credit was extended, and he was permitted to offer all the competent evidence he had on that point. Finding no reversible error in the record, we must affirm the judgment. It is so ordered. All concur.